UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Joe Zanella, <br><br> Plaintiff, <br><br> v. <br><br> IQ Data International, Inc./ Rent Collect Global, <br><br> Defendant. | : Civil Action No.: _____ <br> : <br> : <br> : COMPLAINT <br> : <br> : <br> : October 28, 2022 |

For this Complaint, the Plaintiff, Joe Zanella, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), Connecticut Consumers' Collection Agencies Act, Conn. Gen. Stat. § 36a-800, *et seq.* ("CCCPA"), and the invasions of Plaintiff's personal privacy by the Defendant and their agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Joe Zanella ("Plaintiff"), is an adult individual residing in Bethel, Connecticut, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.     Defendant IQ Data International, Inc./ Rent Collect Global ("IQ"), is a Washington business entity with an address of 21222 30th Drive, Suite 120, Bothell, Washington 98208, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

A. <u>The Debt</u>

6.     The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

7.     The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8.     The Debt was purchased, assigned or transferred to IQ for collection, or IQ was employed by the Creditor to collect the Debt.

9.     IQ attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B. <u>IQ Engages in Harassment and Abusive Tactics</u>

10.    In or around September 2022, IQ began attempting to contact Plaintiff in an attempt to collect the Debt.

11.    On or about October 13, 2022, during its initial conversation with Plaintiff, IQ demanded that Plaintiff make an immediate payment towards the Debt or IQ would ruin Plaintiff's credit for the next seven years.

12.    Plaintiff informed IQ that he did not feel comfortable providing it with any payment information over the phone.

13. IQ's language towards Plaintiff became aggressive and IQ continued to demand immediate payment or Plaintiff's credit was "going to be screwed."

14. On or about October 18, 2022, Plaintiff called IQ to find out whether it had mailed him any letters.

15. IQ confirmed that it sent out an initial letter to Plaintiff on September 30, 2022.

16. IQ again demanded that Plaintiff make an immediate payment towards the Debt and repeated the same threat from the initial conversation, that if Plaintiff did not pay the Debt immediately it would ruin Plaintiff's credit for the next seven years.

17. Plaintiff informed IQ he was not able to make a payment that day.

18. IQ became aggressive and abusive towards Plaintiff asking him "Why, are you broke?"

19. Plaintiff disputes the Debt.

20. IQ Data overshadowed Plaintiff's 30 day right to dispute the Debt by threatening to credit report if immediate payment was not made.

21. Plaintiff was forced to decide whether or not to dispute the Debt in writing or pay the Debt to avoid immediate damage to his credit report.

22. IQ's actions caused Plaintiff a great deal of confusion, stress and anxiety.

C. <u>Plaintiff Suffered Actual Damages</u>

23. Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

24. As a direct consequence of the Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

25. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

27. The Defendant's conduct violated 15 U.S.C. § 1692d(2) in that Defendant used abusive language when speaking with the consumer.

28. The Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive, or misleading representation or means in connection with the collection of a debt.

29. The Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed false and deceptive means to collect a debt.

30. The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

31. The Defendant's conduct violated 15 U.S.C. § 1692g(b) in that Defendant overshadowed Plaintiff's right to dispute the Debt within 30 days of initial contact.

32. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

33. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II

## VIOLATIONS OF THE CONNECTICUT CONSUMERS' COLLECTION AGENCIES ACT, Conn. Gen. Stat. § 36a-800, et seq.

34. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. The Plaintiff is a "consumer-debtor" as defined by Conn. Gen. Stat. § 36a-800(2).

36. The Defendant is a "consumer collection agency" as defined by Conn. Gen. Stat. § 36a-800(1).

37. The Defendant engaged in any activities prohibited by sections 36a-800 to 36a-810, inclusive Conn. Gen. Stat. § 36a-805(a)(15).

38. The Plaintiff is entitled to damages as a result of the Defendant's violations.

## COUNT III

## VIOLATIONS OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT, Conn. Gen. Stat. § 42-110a, et seq.

39. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. The Defendant are each individually a "person" as defined by Conn. Gen. Stat. § 42-110a(3).

41. The Defendant engaged in unfair and deceptive acts and practices in the conduct of its trade, in violation of Conn. Gen. Stat. § 42-110b(a).

42. The Plaintiff is entitled to damages as a result of the Defendant's violations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendant;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendant;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant;

4. Actual damages pursuant to Conn. Gen. Stat. § 42-110g;

5. Actual damages from the Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations in an amount to be determined at trial for the Plaintiff;

6. Punitive damages; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

**Dated: October 28, 2022**

**Respectfully submitted,**

**By  /s/ Sergei Lemberg**

**Sergei Lemberg, Esq.**
**LEMBERG LAW, L.L.C.**
**43 Danbury Road, 3rd Floor**
**Wilton, CT 06897**
**Telephone: (203) 653-2250**
**Facsimile:   (203) 653-3424**
**Attorney for Plaintiff**

## VERIFICATION

I, Joe Zanella, Plaintiff, have read the foregoing Complaint, and state that the information is true and accurate to the best of my knowledge.

Date: October 31, 2022

_____
Joe Zanella